# SCHAFKOPF LAW, LLC
### ATTORNEYS AT LAW

August 8, 2017

U.S. District Court, ED of PA
Office of the Clerk of Court
U.S. Courthouse
601 Market Street, Room 2609
Philadelphia, PA 19106

**Re: David A. Edwards a/k/a David Oliver v. City of Philadelphia, Andrew Gibson & John Does, Initial Complaint**

To Whom It May Concern:

    Enclosed please find one (1) original and one (1) copy of Plaintiff's Civil Action Complaint, along with a CD containing a pdf version of same and a check in the amount of $400.00, in regards to the above captioned matter.

    Kindly file the original Complaint and return a time-stamped copy to the undersigned along with the Civil Action Summonses.

Sincerely,

Gary Schafkopf, Esq.

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
David A. Edwards a/k/a
David Oliver

**DEFENDANTS**
City of Philadelphia, Andrew Gibson & John Does

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Gary Schafkopf, Esq; Schafkopf Law LLC; 11 Bala Ave, Bala Cynwyd
PA 19004; 610-664-5200; Matthew Weisberg, Esq; Weisberg Law; 7 S.
Morton Ave, Morton PA,19070; 610-690-0801

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1331.
Brief description of cause:
Defendants was maliciously prosecuted and found not guilty

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
08/08/2017

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

 **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

 **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _3129 Tasker Street, Philadelphia, PA 19145_

Address of Defendant: _1515 Arch St, 14th Floor, Philadelphia, PA 19102_

Place of Accident, Incident or Transaction: _Philadelphia County in Pennsylvania_

(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))      Yes☐   No☒

Does this case involve multidistrict litigation possibilities?      Yes☐   No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?      Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?      Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?      Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?      Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

**ARBITRATION CERTIFICATION**
(*Check Appropriate Category*)

I, _GARY SCHAFKOPF_, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _8-8-17_     _Gary Schafkopf_     _83362_

Attorney-at-Law        Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _8-8-17_     _Gary Schafkopf_     _83362_

Attorney-at-Law        Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
| David A. Edwards a/k/a David Oliver | : | CIVIL ACTION |
| v. | : | |
| | : | |
| City of Philadelphia, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)   In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                               ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                       ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.             (✓)

| 07/31/2017 | Gary Schafkopf, Esq | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-664-5200  Ext-104 | 888-283-1334 | gary@schaflaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)     The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)     In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)     The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)     Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)     Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

### SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

WEISBERG LAW
Matthew B. Weisberg, Attorney ID No. 85570
7 South Morton Ave.
Morton, PA 19070
610-690-0801
Fax: 610-690-0880
**Attorney for Plaintiff**

SCHAFKOPF LAW, LLC
 Gary Schafkopf, Attorney ID No. 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-283-1334
**Attorney for Plaintiff**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DAVID A. EDWARDS a/k/a<br>DAVID OLIVER<br>3129 Tasker Street<br>Philadelphia, PA 19145<br><br>           Plaintiff,<br>     v.<br><br>CITY OF PHILADELPHIA<br>d/b/a PHILADELPHIA POLICE<br>DEPARTMENT<br>1515 Arch St, 14th Fl<br>Philadelphia, PA 19102<br><br>and<br><br>ANDREW GIBSON<br>Individually and in his<br>Official Capacity as a Police Officer<br>For The Philadelphia Police Department<br>One Franklin Sq,<br>Philadelphia, PA 19106<br><br>and<br><br>JOHN DOES 1-10<br>        Defendants, | CIVIL ACTION<br><br>DOCKET NO.<br><br><br>JURY TRIAL OF TWELVE (12)<br>JURORS DEMANDED |

**CIVIL ACTION COMPLAINT**

**JURISDICTION AND VENUE**

1. Jurisdiction in this Honorable Court is based on federal question 28 U.S.C. §1331; supplemental

   jurisdiction over state law claims is granted by 28 U.S.C. §1367.

2. Venue lies in this district in that the events giving rise to this claim occurred here, at least one (1) Defendant resides, maintains a principal place of business, and/or does business here, and/or the property which is the subject of this action is situated within this district.

## PARTIES

3. Plaintiff, David Edwards s/k/a David Oliver, is an adult individual residing at the above-captioned address.

4. Defendant, City of Philadelphia, is a municipality doing business as the Philadelphia Police Department at the above-captioned address.

5. Defendant, Andrew Gibson, is an adult individual working at the above-captioned address as an officer of the Philadelphia Police Department.

6. Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below.

## OPERATIVE FACTS

7. On or about July 20, 2014, Plaintiff, David Edwards was involved in an incident in Philadelphia wherein his brother, Robert Russell Oliver died.

8. Plaintiff's brother died as result of falling on his own knife accidentally while he was drunk.

9. On or about July 29, 2014, Plaintiff was arrested as a suspect of the aforesaid crime by Defendant, Officer Andrew Gibson.

10. On or about July 2014, Plaintiff was charged with murder of third degree and possession of an instrument of crime with intent. Docket Number MC-51-CR-0025440-2014. EXHIBIT A

11. Plaintiff waited in jail for a preliminary hearing until February 3, 2015.

12. The case against Plaintiff was dismissed on February 3, 2015 due to lack of evidence.

13. Despite lack of evidence, Plaintiff was re-charged again the day after his charges were dismissed (on February 4, 2015). Docket Number CP-51-CR-0001115-2015. EXHIBIT B

14. The second claim proceeded to trial. Plaintiff was found not guilty at the trial on or about August 18, 2015. See EXHIBIT B

15. Plaintiff had been confined in the Philadelphia Industrial Correction Center for a year from July 2014 until August 18, 2015.

16. As a result of Defendants' action, Plaintiff suffered severe emotional and financial damages.

**COUNT I**
**MALICIOUS PROSECUTION/**
**WRONGFUL IMPRISONMENT/**
**ARREST/**
**VIOLATION OF DUE PROCESS IV, VIII, XIV**

17. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

18. At the time of Defendants' investigation, arrest, charges, and imprisonment, Plaintiff had not committed any infraction to legally justify not to receive justice.

19. Defendants' actions stated above, *inter alia*, were committed under color of state law and were violations of Plaintiff's clearly established and well-settled Constitutional and other legal rights.

20. Defendants caused Plaintiff to suffer a malicious prosecution by their wrongful conduct in subjecting Plaintiff to the above, all in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

21. Defendants instituted cruel and unusual punishment action against Plaintiff by way of failing to properly investigate the conduct giving rise to his charges and imprisonment and then subjecting Plaintiff to Defendants' wrongful conduct to the above.

22. Plaintiff' reputation was ruined and Plaintiff was harmed from the time he was wrongfully imprisoned in the Philadelphia Industrial Correction Center until the time Plaintiff was released from prison.

## COUNT II
## MONELL

23. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

24. Prior to the events described herein, Defendants developed and maintained policies, practices, procedures and customs exhibiting deliberate indifference to the Constitutional rights of persons, which caused violations of Plaintiff's constitutional and other rights.  Specifically, Defendants charged Plaintiff twice despite lack of evidence to prove Plaintiff's liability in the murder of his brother.

25. The above described acts or omissions by Defendants, demonstrated a deliberate indifference to the rights of incarcerated citizens, such as Plaintiff, and were the cause of the violations of Plaintiff's rights as set forth herein.

26. Plaintiff suffered harm due to Defendants' conduct.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment in his favor and against Defendants, individually, jointly and severally, in an amount in excess of seventy-five thousand dollars ($75,000.00), plus such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

    a.      Statutory Damages;

    b.      Punitive Damages;

    c.      Compensatory Damages, including:

            i.      Actual Damages for financial and physical injuries, including but not limited to wage loss and loss of earning capacity, and emotional

distress; and

d.    Attorneys' fees and expenses, costs of suit, and equitable relief.

Respectfully Submitted,

WEISBERG LAW                           SCHAFKOPF LAW, LLC


BY: _/s/ Matthew Weisberg              BY: _Gary Schafpf_____

MATTHEW B. WEISBERG, ESQ               GARY SCHAFKOPF, ESQ.


DATED: __8-8-17__                      DATED: __8-8-17__

# EXHIBIT A

# MUNICIPAL COURT OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: MC-51-CR-0025440-2014**
# CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania
v.
David A. Edwards

Page 1 of 5

## CASE INFORMATION

Cross Court Docket Nos: CP-51-CR-0001115-2015

| | |
|---|---|
| Judge Assigned: | Date Filed: 07/29/2014    Initiation Date: 07/29/2014 |
| OTN: N 925437-2    LOTN: | Originating Docket No: 1417029372-0025440 |
| Initial Issuing Authority: Judge Migrated | Final Issuing Authority: |
| Arresting Agency: Philadelphia Pd | Arresting Officer: Gibson, Andrew |
| Complaint/Incident #: 1417029372-0025440 | |

Case Local Number Type(s)                     Case Local Number(s)

| | |
|---|---|
| Originating Docket Number | MC-51-CR-0025440-2014 |
| District Control Number | 1417029372 |
| Originating Document Number | 1417029372-0025440 |

## RELATED CASES

| Related Docket No | Related Case Caption | Related Court | Association Reason |
|---|---|---|---|
| **Related** | | | |
| MC-51-CR-0048544-2010 | Comm. v. Edwards, David | MC-01-51-Crim | Same Primary Participant |
| MC-51-CR-0008960-2011 | Comm. v. Edwards, David | MC-01-51-Crim | Same Primary Participant |

## STATUS INFORMATION

| Case Status: | Closed | Status Date | Processing Status | Arrest Date: | 07/28/2014 |
|---|---|---|---|---|---|
| | | 02/03/2015 | Completed | | |
| | | 01/22/2015 | Awaiting Preliminary Hearing | | |
| | | 01/16/2015 | Criminal Complaint Refiled | | |
| | | 07/29/2014 | Awaiting Preliminary Hearing | | |
| | | 07/29/2014 | Awaiting Status Hearing | | |

Complaint Date:    07/29/2014

CPCMS 9082                                                                          Printed: 06/15/2017

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# MUNICIPAL COURT OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: MC-51-CR-0025440-2014**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

David A. Edwards

Page 2 of 5

## CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Preliminary Arraignment | 07/29/2014 | 9:19 am | B08 | | Scheduled |
| Preliminary Hearing | 08/13/2014 | 9:00 am | 306 | Judge Teresa Carr Deni | Continued |
| Preliminary Hearing | 09/23/2014 | 9:00 am | 306 | Judge Dawn A. Segal | Continued |
| Preliminary Hearing | 11/18/2014 | 9:00 am | 306 | Judge Teresa Carr Deni | Continued |
| Preliminary Hearing | 12/16/2014 | 9:00 am | 306 | Judge David C. Shuter | Continued |
| Preliminary Hearing | 01/14/2015 | 9:00 am | 306 | Judge Karen Y. Simmons | Scheduled |
| Bench Warrant Hearing | 01/20/2015 | 10:00 am | 906 | Judge Karen Y. Simmons | Cancelled |
| Preliminary Hearing | 01/22/2015 | 9:00 am | 1105 | Judge Benjamin Lerner | Scheduled |
| Preliminary Hearing | 02/03/2015 | 9:00 am | 306 | Judge Teresa Carr Deni | Scheduled |
| Formal Arraignment | 02/24/2015 | 11:00 am | 1104 | Trial Commissioner Linda Mariani | Cancelled |

## DEFENDANT INFORMATION

Date Of Birth:  04/18/1972      City/State/Zip: Philadelphia, PA 19145

**Alias Name**
Caldwell, Exton
Edwards, David
Edwards, David Edwards
Edwards, David T.
Edwards, Dawu
Jackson, Alvin
OLIVER, DAVID
Oliver, David Adeley Oliver
Oliver, David Oliver
Parks, David

## CASE PARTICIPANTS

| Participant Type | Name |
|---|---|
| Defendant | Edwards, David A. |

## BAIL INFORMATION

**Edwards, David A.**                                                                **Nebbia Status:  None**

| Bail Action | Date | Bail Type | Percentage | Amount | Bail Posting Status | Posting Date |
|---|---|---|---|---|---|---|
| Denied | 07/29/2014 | | | $0.00 | | |
| Set (bail modification) | 02/03/2015 | Monetary | 10.00% | $250,000.00 | | |

CPCMS 9082                                                                Printed: 06/15/2017

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# MUNICIPAL COURT OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: MC-51-CR-0025440-2014**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

David A. Edwards

Page 3 of 5

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|------|-----------|-------|---------|---------------------|-------------|-----|
| 1 | 1 | F1 | 18 § 2502 §§C | Murder Of The Third Degree | 07/20/2014 | N 925437-2 |
| 2 | 2 | M1 | 18 § 907 §§A | Poss Instrument Of Crime W/Int | 07/20/2014 | N 925437-2 |

## DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event | Disposition Date | Final Disposition | |
|------------|------------------|-------------------|---|
| Sequence/Description | Offense Disposition | Grade | Section |
| Sentencing Judge | Sentence Date | | Credit For Time Served |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | | Start Date |
| Sentence Conditions | | | |

**Proceed to Court**

| Preliminary Arraignment | 07/29/2014 | Not Final | |
|---|---|---|---|
| 1 / Murder Of The Third Degree | Proceed to Court | F1 | 18 § 2502 §§ C |
| 2 / Poss Instrument Of Crime W/Int | Proceed to Court | M1 | 18 § 907 §§ A |

**Proceed to Court (Complaint Refiled)**

| Criminal Complaint Refiled Disposition | 01/16/2015 | Not Final | |
|---|---|---|---|
| 1 / Murder Of The Third Degree | Proceed to Court | F1 | 18 § 2502 §§ C |
| 2 / Poss Instrument Of Crime W/Int | Proceed to Court | M1 | 18 § 907 §§ A |

**Held for Court**

| Preliminary Hearing | 02/03/2015 | Final Disposition | |
|---|---|---|---|
| 1 / Murder Of The Third Degree | Held for Court | F1 | 18 § 2502 §§ C |
| 2 / Poss Instrument Of Crime W/Int | Dismissed - LOE | M1 | 18 § 907 §§ A |

## COMMONWEALTH INFORMATION                    ATTORNEY INFORMATION

Name:    Philadelphia County District Attorney's
         Office
         Prosecutor

Supreme Court No:

Phone Number(s):
   215-686-8000    (Phone)

Address:
   3 South Penn Square
   Philadelphia, PA  19107

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|-----------------|---------------|---------------|----------|
| 1 | 07/29/2014 | | Municipal Court - Philadelphia County |
| PARS Transfer | | | |
| 2 | 07/29/2014 | | Bedford, Sheila M. |
| Order Denying Motion to Set Bail - Edwards, David A. | | | |

CPCMS 9082

Printed: 06/15/2017

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# MUNICIPAL COURT OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: MC-51-CR-0025440-2014**
# CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania
v.
David A. Edwards

Page 4 of 5

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 08/13/2014 | | Deni, Teresa Carr |

Order Granting Motion for Continuance

Case Listed Today for Preliminary Hearing
Advance Defense Request for Further Investigation
Time Ruled Excludable
Next Court Date:09/23/2014
Court Room:306

ADA: Erin Boyle   Defense Atty:Wendy Ramons (PD)   Steno:Collen Creisher   Clerk:L.Fischer   Hon. Deni

Defendant in Custody, CFCF.

| 3 | 09/23/2014 | | Segal, Dawn A. |

Order Granting Motion for Continuance

Commonwealth not ready. Commonwealth witness is in hospital.

NCD: 11/18/14 R.306
ADA: G. Cujdik PD: Ramos/Clark
STENO: Megan Soule CLERK: Joyce Scott
JUDGE: DAWN SEGAL

| 1 | 10/30/2014 | | Edwards, David A. |

Entry of Appearance

| 1 | 11/18/2014 | | Deni, Teresa Carr |

Order Granting Motion for Continuance

Defense ready. Commonwealth not ready. Complaining witness failed to appear. Attorney attached.
NCD: 12/16/14 R.306
ADA: J. Pescatore DEF ATTY: Edward Meehan
STENO: Sharon Ricci CLERK: Joyce Scott
JUDGE: TERESA CARR DENI

| 1 | 12/16/2014 | | Shuter, David C. |

Order Granting Motion for Continuance

Advanced Commonwealth request. Witness unavailable. Must be tried commonwealth. Defense ready. Attorney attached.

NCD: 1/14/15 R.306
ADA: Erin Boyle DEF ATTY:Edward Meehan
STENO: Sharon Ricci CLERK: Joyce Scott
JUDGE: DAVID C. SHUTER

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# MUNICIPAL COURT OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: MC-51-CR-0025440-2014**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

David A. Edwards

Page 5 of 5

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 2 | 01/16/2015 | | Commonwealth of Pennsylvania |

Notice of Refiling of Criminal Complaint
    Notice of Refiling of Criminal Complaint filed on behalf of *.

| 3 | 01/16/2015 | | Smith, Keith |
|---|---|---|---|

Proceed to Court (Complaint Refiled)

| 2 | 01/22/2015 | | Lerner, Benjamin |
|---|---|---|---|

Order Granting Motion for Continuance

Judge: Hon. Benjamin Lerner   ADA: Alisa Shver   Def. Atty: Edward Meehan   Steno: Danielle Gleason   Court Clerk: Kathryn Morris

Preliminary hearing scheduled. Commonwealth witness was present and received a subpoena for next court date. NCD: 2/3/2015 room 1105

| 1 | 02/03/2015 | | Deni, Teresa Carr |
|---|---|---|---|

Held for Court

Held for court on Murder 3rd. Dismissed lack of evidence as to 907. Bail set at $250,000.00.

NCD: 2/24/15 R.1104
ADA: Sver DEF ATTY: Edward Meehan
STENO: Sherri Benson CLERK: Joyce Scott
JUDGE: TERESA CARR DENI

| 2 | 02/03/2015 | | Philadelphia County Clerk of Quarter Sessions |
|---|---|---|---|

Formal Arraignment Scheduled 02/24/2015 11:00AM

| 1 | 02/04/2015 | | Unknown Filer |
|---|---|---|---|

Common Pleas Case Created

| 2 | 02/04/2015 | | Active Criminal Records Department |
|---|---|---|---|

Formal Arraignment Cancelled

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# EXHIBIT B

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: CP-51-CR-0001115-2015**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

David A. Edwards

Page 1 of 8

## CASE INFORMATION

Judge Assigned: DeFino-Nastasi, Rose                     Date Filed: 02/04/2015          Initiation Date: 02/04/2015

OTN: N 925437-2          LOTN:                           Originating Docket No: MC-51-CR-0025440-2014

Initial Issuing Authority: Teresa Carr Deni              Final Issuing Authority:

Arresting Agency: Philadelphia Pd                        Arresting Officer: Gibson, Andrew

Complaint/Incident #: 1417029372-0025440

Case Local Number Type(s)                                Case Local Number(s)

    Originating Docket Number                        MC-51-CR-0025440-2014

    District Control Number                          1417029372

    Originating Document Number                      1417029372-0025440

## STATUS INFORMATION

| Case Status: | Closed | Status Date | Processing Status | Arrest Date: | 07/28/2014 |
|---|---|---|---|---|---|
| | | 08/20/2015 | Completed | | |
| | | 08/20/2015 | Awaiting Return of Bail | | |
| | | 08/11/2015 | Awaiting Trial | | |
| | | 07/22/2015 | Awaiting Trial Readiness Conference | | |
| | | 05/07/2015 | Awaiting Trial | | |
| | | 05/07/2015 | Awaiting Trial Readiness Conference | | |
| | | 02/20/2015 | Awaiting Pre-Trial Conference | | |
| | | 02/09/2015 | Awaiting Formal Arraignment | | |
| | | 02/04/2015 | Awaiting Filing of Information | | |

Complaint Date:          07/29/2014

CPCMS 9082                                                                                          Printed: 06/15/2017

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: CP-51-CR-0001115-2015**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

David A. Edwards

Page 2 of 8

## CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Formal Arraignment | 02/24/2015 | 11:00 am | 1104 | Trial Commissioner Linda Mariani | Scheduled |
| Pre-Trial Conference | 03/18/2015 | 9:00 am | 1105 | Judge Benjamin Lerner | Continued |
| Motions Hearing | 03/27/2015 | 9:00 am | 1105 | Judge Benjamin Lerner | Scheduled |
| Pre-Trial Conference | 04/02/2015 | 9:00 am | 1105 | Judge Benjamin Lerner | Continued |
| Pre-Trial Conference | 04/08/2015 | 9:00 am | 1105 | Judge Benjamin Lerner | Continued |
| Pre-Trial Conference | 04/23/2015 | 9:00 am | 1105 | Judge Benjamin Lerner | Scheduled |
| Pre-Trial Conference | 04/28/2015 | 9:00 am | 1105 | Judge Benjamin Lerner | Scheduled |
| Scheduling Conference | 05/07/2015 | 9:00 am | 1107 | Judge Rose DeFino-Nastasi | Scheduled |
| Trial Readiness Conference | 07/22/2015 | 9:00 am | 1107 | Judge Rose DeFino-Nastasi | Continued |
| Trial Readiness Conference | 08/05/2015 | 9:00 am | 1107 | Judge Rose DeFino-Nastasi | Continued |
| Trial Readiness Conference | 08/11/2015 | 9:00 am | 1107 | Judge Rose DeFino-Nastasi | Scheduled |
| Trial Readiness Conference | 08/20/2015 | 9:00 am | 1107 | Judge Rose DeFino-Nastasi | Continued |
| Trial | 08/20/2015 | 9:00 am | 1107 | Judge Rose DeFino-Nastasi | Scheduled |

## DEFENDANT INFORMATION

Date Of Birth:   04/18/1972   City/State/Zip:  Philadelphia, PA  19145

Alias Name
Caldwell, Exton
Edwards, David
Edwards, David Edwards
Edwards, David T.
Edwards, Dawu
Jackson, Alvin
OLIVER, DAVID
Oliver, David Adeley Oliver
Oliver, David Oliver
Parks, David

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: CP-51-CR-0001115-2015**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

David A. Edwards

Page 3 of 8

## CASE PARTICIPANTS

| Participant Type | Name |
|---|---|
| Defendant | Edwards, David A. |

## BAIL INFORMATION

**Edwards, David A.**                                                                                                    **Nebbia Status:  None**

| Bail Action | Date | Bail Type | Percentage | Amount | Bail Posting Status | Posting Date |
|---|---|---|---|---|---|---|
| Denied | 07/29/2014 | | | $0.00 | | |
| Set (bail modification) | 02/03/2015 | Monetary | 10.00% | $250,000.00 | | |

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|---|---|---|---|---|---|---|
| 1 | 1 | F1 | 18 § 2502 §§C | Murder Of The Third Degree | 07/20/2014 | N 925437-2 |
| 99999 | 2 | M1 | 18 § 907 §§A | Poss Instrument Of Crime W/Int | 07/20/2014 | N 925437-2 |

## DISPOSITION SENTENCING/PENALTIES

| Disposition | | |
|---|---|---|
| Case Event | Disposition Date | Final Disposition |
| Sequence/Description | Offense Disposition | Grade     Section |
| Sentencing Judge | Sentence Date | Credit For Time Served |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | Start Date |
| Sentence Conditions | | |

**Lower Court Proceeding (generic)**

| Preliminary Hearing | 02/03/2015 | Not Final | |
|---|---|---|---|
| 1 / Murder Of The Third Degree | Held for Court | F1 | 18 § 2502 §§ C |
| 99,999 / Poss Instrument Of Crime W/Int | Dismissed - LOE | M1 | 18 § 907 §§ A |

**Proceed to Court**          Defendant Was Not Present

| Information Filed | 02/09/2015 | Not Final | |
|---|---|---|---|
| 1 / Murder Of The Third Degree | Held for Court | F1 | 18 § 2502 §§ C |
| 99,999 / Poss Instrument Of Crime W/Int | Disposed at Lower Court | M1 | 18 § 907 §§ A |

**Not Guilty**          Defendant Was Present

| Trial | 08/20/2015 | Final Disposition | |
|---|---|---|---|
| 1 / Murder Of The Third Degree | Not Guilty | F1 | 18 § 2502 §§ C |
| 99,999 / Poss Instrument Of Crime W/Int | Disposed at Lower Court | M1 | 18 § 907 §§ A |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: CP-51-CR-0001115-2015**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

David A. Edwards

Page 4 of 8

| COMMONWEALTH INFORMATION | ATTORNEY INFORMATION |
|---|---|
| <u>Name:</u>   Philadelphia County District Attorney's Office<br>Prosecutor | <u>Name:</u>   Edward C. Meehan Jr.<br>Court Appointed |
| <u>Supreme Court No:</u> | <u>Supreme Court No:</u>   055789 |
| <u>Phone Number(s):</u> | <u>Rep. Status:</u>   Active |
| 215-686-8000   (Phone) | <u>Phone Number(s):</u> |
| <u>Address:</u> | 215-564-4175   (Phone) |
| 3 South Penn Square | 215-429-7491   (Mobile) |
| Philadelphia, PA  19107 | <u>Address:</u> |
| | 211 N 13TH St Ste 701 |
| | Philadelphia, PA  19107-1627 |
| | Representing: Edwards, David A. |

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 02/04/2015 | | Court of Common Pleas - Philadelphia County |
| Held for Court | | | |
| 1 | 02/09/2015 | | Williams, R Seth |
| Information Filed | | | |
| 1 | 02/24/2015 | | Court of Common Pleas - Philadelphia County |
| Hearing Notice | | | |
| 4 | 03/18/2015 | | Meehan, Edward C. Jr. |
| Defense Request for Further Investigation | | | |
| 3 | 03/20/2015 | | Meehan, Edward C. Jr. |
| Motion for Release Pursuant to Rule 600 | | | |
| 1 | 03/27/2015 | | Lerner, Benjamin |
| Order Denying Motion for Release Pursuant to Rule 600 | | | |

Judge: Hon. Benjamin Lerner      ADA: Alisa Shver      Def. Atty: Erin Boyle  for Edward Meehan      Steno: Nancy McShane   Court Clerk: Kathryn Morris

Defense 600 E Motion is denied. Listed for trial scheduling. Time ruled excludable. NCD: 4/2/2015 room 1105

CPCMS 9082

Printed: 06/15/2017

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: CP-51-CR-0001115-2015**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

David A. Edwards

Page 5 of 8

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 04/02/2015 | | Lerner, Benjamin |

Order Granting Motion for Continuance

Judge: Hon. Benjamin Lerner     ADA: Alisa Shver     Def. Atty: Edward C. Meehan Jr.     Steno: Lloyd Amodei
Court Clerk: Kathryn Morris

Defense request. Listed for trial scheduling or possible non-trial disposition. Time ruled excludable. NCD: 4/23/2015 room 1105

---

| 4 | 04/08/2015 | | Lerner, Benjamin |

Order Granting Motion for Continuance

Pre-Trial Conference Continued. Defense Request-Defense Counsel On Trial. Time Ruled Excludable. NCD: 4-28-15 Rm. 1105

Judge: B. Lerner/ ADA: A. Shver/ Atty. : E. Meehan/ Steno: J. Davis/ Ct. Clerk: J. King

---

| 1 | 04/23/2015 | | Lerner, Benjamin |

Order Granting Motion for Continuance

Judge: Hon. Benjamin Lerner     ADA: Alisa Shver     Def. Atty: Edward Meehan     Steno: Julie Davis     Court Clerk: Kathryn Morris

Scheduling conference. Listed for a waiver trial with Judge Defino-Nastasi. NCD: 5/7/2015 room 1107

---

| 1 | 04/28/2015 | | Lerner, Benjamin |

Case Listed in Error

Judge: Hon. Benjamin Lerner     ADA: Alisa Shver     Def. Atty: Edward Meehan     Steno: Julie Davis     Court Clerk: Kathryn Morris

Case listed in error.

---

| 2 | 05/07/2015 | | Court of Common Pleas - Philadelphia County |

Hearing Notice

---

| 5 | 05/07/2015 | | Court of Common Pleas - Philadelphia County |

Hearing Notice

---

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: CP-51-CR-0001115-2015**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

David A. Edwards

Page 6 of 8

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 7 | 05/07/2015 | | DeFino-Nastasi, Rose |

Order Granting Motion for Continuance

    SCHEDULING CONFERENCE HELD
    DISCOVERY IS COMPLETE
    DEFENDANT CAN NOT AFFORED COUNSEL, COURT TO APPOINT EDWARD MEEHAN AS ATTORNEY.

    LIST FOR PRE-TRIAL CONFERENCE 7/22/15  ROOM: 1107
    WAIVER TRIAL SCHEDULED: 8/20/15  ROOM: 1107
    DATES ARE EARLIEST POSSIBLE DATES
    DEFENDANT IN CUSTODY (PICC)

    HONORABLE: DeFINO-NASTASI
    ADA: ALISA SHVER  ATTNY: EDWARD MEEHAN
    STENO: KEVIN FLANAGAN  CLERK: KIM FORD

| | | | |
|---|---|---|---|
| 9 | 05/07/2015 | | Court of Common Pleas - Philadelphia County |

Hearing Notice

| 10 | 05/07/2015 | | Meehan, Edward C. Jr. |
|---|---|---|---|

Entry of Appearance

| 1 | 07/22/2015 | | DeFino-Nastasi, Rose |
|---|---|---|---|

Order Granting Motion for Continuance

    TRIAL READINESS CONFERENCE TO CONTINUE
    DEFENSE REQUEST FOR MEDICAL RECORDS. ATTORNEY TO SERVE SUBPOENA ON COSTODIAN OF RECORDS
    NEXT COURT DATE: 8/5/15  ROOM: 1107
    DEFENDANT IN CUSTODY (PICC)

    HONORABLE: DeFINO-NASTASI
    ADA: ALISA SHVER  ATTNY: EDWARD MEEHAN  STENO: BONNIE SMITH  CLERK: KIM FORD

| | | | |
|---|---|---|---|
| 4 | 07/22/2015 | | Court of Common Pleas - Philadelphia County |

Hearing Notice

| 3 | 08/05/2015 | | Court of Common Pleas - Philadelphia County |
|---|---|---|---|

Hearing Notice

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: CP-51-CR-0001115-2015**
# CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania
v.
David A. Edwards

Page 7 of 8

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 4 | 08/05/2015 | | DeFino-Nastasi, Rose |

Order Granting Motion for Continuance

   TRIAL READINESS CONFERENCE TO CONTINUE
   ATTORNEY UNAVAILABLE (ON VACATION)
   NEXT COURT DATE: 8/11/15  ROOM: 1107
   DEFENDANT IN CUSTODY (PICC)

   HONORABLE: DeFINO-NASTASI
   ADA: ALISA SHVER  ATTNY: EDWARD MEEHAN  STENO: LLOYD AMODEI  CLERK: KIM FORD

| 1 | 08/11/2015 | | DeFino-Nastasi, Rose |
|---|---|---|---|

Trial Date to Remain

   TRIAL DATE TO REMAIN
   NEXT COURT DATE: 8/20/15  ROOM: 1107
   DEFENDATN IN CUSTODY (PICC)

   HONORABLE: DeFINO-NASTASI
   ADA: ALISA SHVER  ATTNY: EDWARD MEEHAN  STENO: E. GUERRIERO  CLERK: KIM FORD

| 1 | 08/20/2015 | | DeFino-Nastasi, Rose |
|---|---|---|---|

Waiver of Jury Trial

   Defendant colloqued and waived his jury trial

   Honorable: Defino-Nastasi
   ADA: Alisa Shver  Atty: Edward Meehan
   Steno: Elizabeth Guerreiro  Clerk: Laura Antinucci

| 2 | 08/20/2015 | | DeFino-Nastasi, Rose |
|---|---|---|---|

Defendant Arraigned and Notice of Rights and Procedures Explained

   Defendant formally arraigned on the charge Murder Of The Third Degree. Possession of an Instrument of Crime was Disposed at Lower Court.

   Honorable: Defino-Nastasi
   Clerk: Laura Antinucci

| 3 | 08/20/2015 | | DeFino-Nastasi, Rose |
|---|---|---|---|

Order Denying Motion for Judgment of Acquittal

   Petition for Judgment of Acquittal denied

   Honorable: Defino-Nastasi
   Clerk: Laura Antinucci

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: CP-51-CR-0001115-2015**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

David A. Edwards

Page 8 of 8

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 4 | 08/20/2015 | | DeFino-Nastasi, Rose |

Not Guilty

Defendant found Not Guilty of Murder of the Third Degree.  PICC was Disposed at Lower Court.
Honorable: Defino-Nastasi
ADA: Alisa Shver  Atty: Edward Meehan
Steno: Elizabeth Guerreiro  Clerk: Laura Antinucci

| 1 | 08/24/2015 | | Meehan, Edward C. Jr. |

Motion for Modification of Bail

## CASE FINANCIAL INFORMATION

Last Payment Date:  08/25/2015                    Total of Last Payment:  -$12.50

| Edwards, David A.<br>Defendant | Assessment | Payments | Adjustments | Non Monetary Payments | Total |
|---|---|---|---|---|---|
| **Costs/Fees** | | | | | |
| Motion Filing Fee (Philadelphia) | $12.50 | -$12.50 | $0.00 | $0.00 | $0.00 |
| Motion Filing Fee (Philadelphia) | $12.50 | -$12.50 | $0.00 | $0.00 | $0.00 |
| Costs/Fees Totals: | $25.00 | -$25.00 | $0.00 | $0.00 | $0.00 |
| Grand Totals: | $25.00 | -$25.00 | $0.00 | $0.00 | $0.00 |

** - Indicates assessment is subrogated

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.